IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Charles Brown,** | **Case No. 1:20cv691** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Lorain County Prosecutor's Office,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

**Background and Introduction**

This is a removed *pro se* case. Plaintiff Charles Brown filed his complaint in the Lorain County Court of Common Pleas, naming the Lorain County Prosecutor's Office and individual Lorain County prosecutors Dennis P. Will, Margarita Rivera, Sally Abel, Denise Rakich, Jennifer Temochko, and Patrick Hakos as defendants. (Doc. No. 1-1.) The complaint pertains to a state criminal case brought against the plaintiff in the Lorain County Court of Common Pleas. (*See id.* at Exh. A; *Brown v. Lorain County Prosecutor's Office, et al.*, Case No. 20 CV 200759 (Lorain Cty. Ct. of Comm. Pls.).)

The plaintiff was charged with and prosecuted in the Lorain County case for attempted crimes in connection with interactions he had with his grand-daughter. He was convicted after a jury trial on charges of attempted child endangering and attempted sexual battery. The Ohio Court of Appeals reversed his convictions on appeal, however, finding that the State had failed to present sufficient evidence that the plaintiff took any "substantial step" toward the commission of either attempted offense as required by Ohio law. *See State v. Brown*, No. 18 CA 11310, 2019-Ohio-2599, at ¶ 21

(Ohio App. June 28, 2019). As a result, the plaintiff's convictions were reversed and the charges against him dismissed.

In his complaint, the plaintiff alleges prosecutorial misconduct, malicious prosecution, abuse of process, and breach of fiduciary duty by the defendants in "initiating [and] prosecuting" the criminal case against him. (Doc. 1-1 at 3.) His complaint does not attribute specific conduct to any of the individual prosecutor defendants, but he generally alleges the prosecutors targeted him, overcharged him, engaged in misconduct, and unfairly prosecuted him in the criminal case for improper purpose, knowing they did not have enough evidence to secure a conviction. He alleges that as a result of the defendants' improper and overzealous conduct, he spent over a year in jail and sustained significant personal damages for which he seeks $500,000 under 42 U.S.C. § 1983. (*See id.*)

The defendants removed the complaint to federal court on the basis that it alleges claims under § 1983 in addition to state law claims. (*See* Doc. No. 1 at 1, ¶¶ 1-2.) On April 15, 2020, they filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Lorain County Prosecutor's Office is not *sui juris* and that the individual Lorain County prosecutors are entitled to absolute immunity. (Doc. No. 5.)

The plaintiff filed an opposition to defendants' request for removal (Doc. No. 7) and on May 6, 2020, filed an opposition to the motion to dismiss. (Doc. No. 12.)

For the reasons stated below, the motion to dismiss is granted with respect to federal claims alleged in the plaintiff's complaint. The Court declines to exercise supplemental jurisdiction over any remaining state-law claims the plaintiff alleges and will remand them to state court.

**Law and Analysis**

As a preliminary matter, the Court finds that the plaintiff's complaint was properly removed to federal court. The complaint on its face purports to seek relief under § 1983. (*See* Doc. No. 1-1 at 3.) Although the plaintiff opposes removal, he does not contend in his opposition to removal, or in his opposition to the defendants' motion to dismiss, that he seeks to assert only state-law claims.[1] Accordingly, the action was properly removed. A defendant may remove a civil action from state to federal court if the face of the complaint includes a federal claim in addition to state law claims. *See* 28 U.S.C. § 1441(c).

Further, upon review, the Court finds the plaintiff has failed to allege a plausible federal claim against the defendants under § 1983.

A complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if it fails to state claim on which relief may be granted when its factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). To survive a dismissal, a complaint "must present 'enough facts to state claim to relief that is plausible on its face.'" *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although pleadings and documents filed by *pro se* litigants are generally "liberally construed" and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), even a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to avoid a dismissal. *Barnett v. Luttrell*, 414 Fed. App'x 784, 786 (6th Cir. 2011).

---

[1] In fact, he indicates in both of these filings that he seeks relief for federal constitutional violations under § 1983. (*See* Doc. No. 12 at 1-2; Doc. No. 7 at 2.)

The Court agrees with the defendants that the plaintiff's complaint fails to allege facts sufficient to support a plausible federal civil rights claim against them under § 1983.

First, the defendants correctly assert that the Lorain County Prosecutor's Office is not an entity subject to suit under § 1983. *See Lenard v. City of Cleveland*, No. 1: 17 CV 440, 2017 WL 2832903, at *2–3 (N.D. Ohio, 2017) (holding that a county prosecutor's office is a sub-unit of a county government and is not itself *sui juris* and construing claim against a county prosecutor's office as against the county). Even to the extent the plaintiff's complaint is construed as against Lorain County itself, it fails to allege a plausible claim. A plaintiff may hold a local government liable under § 1983 only where he demonstrates the government's own official policy or custom caused a deprivation of his constitutional rights. *See id.* at *3, citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). The plaintiff has not alleged cogent, specific facts in his complaint or briefs plausibly suggesting that an official policy or custom of Lorain County itself caused a violation of his constitutional rights in connection with the state criminal case. His complaint fails to state a plausible claim and will be dismissed as against the "Lorain County Prosecutor's Office."

Second, the plaintiff has also failed to allege facts sufficient to impose liability under § 1983 against the individual prosecutor defendants. The Supreme Court has endorsed a "functional approach" to determine whether a prosecutor is entitled to absolute immunity, and under this approach "[a] prosecutor is entitled to absolute immunity when [he] acts 'as an advocate for the State' and engages in activity that is 'intimately associated with the judicial phase of the criminal process.'" *Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). Absolute immunity extends to a prosecutor's conduct "in initiating a prosecution and in

presenting the State's case." *Imbler*, 424 U.S. at 431. This includes the "administrative or investigative acts necessary for a prosecutor to initiate or maintain the criminal prosecution." *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997). *See also Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties.").

All of the wrongful conduct the plaintiff alleges the prosecutors engaged in here, including the conduct he lists in his opposition brief,[2] is based on their decision to prosecute him and their actions in presenting the State's case and therefore fall within the scope of their prosecutorial duties from which they are absolutely immune from suit.

Furthermore, the plaintiff's complaint fails to state plausible claims for relief against any of the individual prosecutor defendants for the additional reason that he has not alleged specific allegations of misconduct against them. It is well-established that "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original). Where, as here, individuals are named as defendants in a civil rights action without supporting allegations of specific conduct against them in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs.

---

[2] In his opposition brief, the plaintiff contends the defendant prosecutors engaged in a variety of misconduct, including prosecuting the criminal case in bad faith, withholding evidence and making improper statements in front of the jury. (*See* Doc. No. 12 at 3-4.)

*See Gilmore v. Corr. Corp. of Am.*, 92 Fed. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 Fed. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights).

**Conclusion**

For the reasons set forth above, the plaintiff's complaint fails to state a plausible federal claim for relief against the defendants under § 1983; accordingly, the defendants' motion to dismiss (Doc. No. 5) is granted with respect to the plaintiff's federal claims. Given the dismissal of the plaintiff's federal claims at this early stage, the Court declines to exercise supplemental jurisdiction over any remaining state-law claims the plaintiff alleges, which the Court finds better resolved by the Ohio courts. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."). Accordingly, the plaintiff's state-law claims will be remanded to state court.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                *s/Pamela A. Barker*
                                                PAMELA A. BARKER
Date: August 4, 2020                 U. S. DISTRICT JUDGE